Matter of S.G. (Pedro G.) (2026 NY Slip Op 01304)

Matter of S.G. (Pedro G.)

2026 NY Slip Op 01304

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Docket No. NN-09343-24, NN-09344-24|Appeal No. 6055|Case No. 2025-01006|

[*1]In the Matter of S.G. and Another, Children Under Eighteen Years of Age, etc., Pedro G., et al., Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent. 

Center For Family Representation, Inc., New York (Nardia V. Morgan of counsel), for Pedro G., appellant.
Steven P. Forbes, Huntington, for Tabitha M.C., appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Twyla Carter, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the children.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Rantideva Singh, J.), entered on or about February 5, 2025, which, after a hearing, found that respondent father and respondent mother neglected their children and placed the children with the Commissioner of Social Services until completion of the next permanency hearing, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding of neglect (see Family Ct Act § 1046[b][i]). The younger child's out-of-court statement that the mother hit the child, causing a bruise under the child's eye, was sufficiently corroborated by the testimony from the Administration for Children's Services caseworker as to her own observations of the bruise, the photographs depicting the bruise, and the mother's own testimony that she would "flick" the children in the mouth when they cursed (see Matter of Naomi J. [Damon R.], 84 AD3d 594, 594 [1st Dept 2011]; Matter of Jazmyn R. [Luceita F.], 67 AD3d 495, 495 [1st Dept 2009]; see Matter of Isaiah D.S. [Jamal K.S.], 237 AD3d 627, 627 [1st Dept 2025]). Given the conflicting explanations as to how the child's bruise occurred, Family Court's decision crediting the caseworker's testimony over that of the parents is entitled to deference (see Matter of L.H.R. [Y.L. — Q.L.R.], 222 AD3d 414, 415 [1st Dept 2023]).
As to the finding that the parents failed to provide the children with adequate food, clothing, or shelter, Family Court properly credited the caseworker's testimony and other evidence showing that the children exhibited poor hygiene (see In re Nivek A.S. [Juanita S.], 148 AD3d 459, 459 [1st Dept 2017]). Similarly, the court properly credited the evidence that the home was in deplorable condition (see Matter of Qualiayah J. [Taneka J.], 149 AD3d 495, 496 [1st Dept 2017], lv denied 29 NY3d 913 [2017]). Neither parent has offered a basis for disturbing the Family Court's credibility determinations (see Matter of J.S. [M. Christian C.], 242 AD3d 680, 681 [1st Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026